## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SCOTT BOOTH, *et al.*,           )
     Plaintiffs,           )
               )
v.                               )           Case No.  10-4010-RDR
               )
GRANT DAVIS,                     )
     Defendant.           )
_____)
               )
DOROTHY SCHMITZ, *et al.*,        )
     Plaintiffs,           )
               )
     v.                           )           Case No. 10-4011-RDR
               )
GRANT DAVIS,                     )
     Defendant.           )
_____)
               )
KIMBERLY CARREL,                 )
     Plaintiff,           )
               )
     v.                           )           Case No. 10-4124-RDR
               )
GRANT DAVIS,                     )
     Defendant.           )
_____)
               )
PRUDENCE KIRKEGAARD,             )
     Plaintiff,           )
               )
     v.                           )           Case No. 10-4125-RDR
               )
GRANT DAVIS,                     )
     Defendant.           )
_____)
               )
RONALD M. BOEHMER, *et al.*,      )
     Plaintiffs,           )
               )
     v.                           )           Case No. 11-4059-RDR
               )
GRANT DAVIS,                     )
     Defendant.           )
_____)
               )
PEGGY S. WALDON, *et al.*,        )

| | | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-4060-RDR |
| | ) | |
| GRANT DAVIS, | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| | ) | |
| VIRGIL WILLE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-4121-RDR |
| | ) | |
| GRANT DAVIS, | ) | |
|     Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiffs' Motion to Compel Attendance of Persons with Settlement Authority to Attend Mediation, filed in each of the above-captioned cases. In the interest of expediency, the court addresses all of these motions in this order. Plaintiffs seek a court order compelling representatives from certain insurance companies to attend court-ordered mediation, which is to take place September 9, 2014. For the reasons stated below, plaintiffs' motions are denied.

### I.    Background

Plaintiffs in the above-captioned actions are the individuals or surviving heirs of individuals who filed state court suits against Robert Courtney—a Missouri pharmacist who diluted chemotherapy drugs—and against drug manufacturers Eli Lilly & Company and Bristol-Myers Squibb Company.  Defendant represented many of the three-hundred-plus plaintiffs in these Missouri state court suits, including the plaintiffs who subsequently filed suits against him in this district.  Highly summarized, plaintiffs contend that defendant's actions related to an alleged aggregate settlement resolving the Missouri state court actions constitute legal malpractice.

2

Plaintiffs served on defendant discovery requests seeking insurance policies that defendant contends provide coverage for plaintiffs' claims. In response, defendant produced eight policies issued by seven different insurers. Among those insurers are Atlantic Insurance Company, which was a member of the Gulf Insurance Group, which, in turn, was a member of the Travelers Group (collectively "the Travelers insurers"). A representative associated with these insurers plans to appear for court-ordered mediation. Defendant states that the remaining nonparty insurers maintain they have no coverage for plaintiffs' claims, and therefore they do not plan to participate in mediation. The insurance representative who plans to participate in mediation has a policy limit of far less than plaintiffs' claimed damages. Because of this, plaintiffs argue that unless the court compels the other insurers to appear for mediation, there will not be an individual with full settlement authority present for mediation, as plaintiffs contend the local rules require.

## II.    Discussion

D. Kan. Rule 16.3 governs alternative dispute resolution. Section (c)(2) applies to attendance at a mediation session by persons with settlement authority. It provides,

> Attendance by a party or its representative with settlement authority at the mediation is mandatory, unless the court orders otherwise. The purpose of this requirement is to have the party or representative who can settle the case present at the mediation. . . . The parties' attorney(s) responsible for resolution of the case must also be present.

D. Kan. Rule 16.3(c)(2) is written in the disjunctive. It requires attendance "by a party *or* its representative with settlement authority." It does not require the attendance of nonparty insurance carriers when the party plans to personally appear at mediation.[1] Here, defendant plans to personally appear at mediation, which satisfies the local rules' requirement.

---

[1] *Topolski v. Chris Leef General Agency, Inc.*, No. 11-2495-JTM, 2012 WL 3238116, at *2 (D. Kan. Aug. 7, 2012) (reaching the same conclusion when a representative from the defendant's insurance carrier failed to attend a mediation session in which the defendant personally appeared).

Chief Magistrate Judge James P. O'Hara drafted the often-cited opinion in *Turner v. Young* interpreting this local rule.[2] In *Turner*, Judge O'Hara found that an insurance representative lacked full settlement authority when that individual had to place a telephone call to another employee of the insurer to determine whether he was authorized to settle certain claims and for how much. *Turner* states in pertinent part,

> "[S]ettlement authority" means full, meaningful, authority. A person with settlement authority does not need to pick up the phone to call anyone else to find out whether he or she can go higher or lower. A person with settlement authority is "the" decisionmaker. He or she is the person who has authority to meet the other party's demand, even if he or she chooses not to do so.[3]

Plaintiffs rely on *Turner* in support of their position that because the policy or policies issued by the Travelers insurers are for policy limits far less than plaintiffs' claimed aggregate damages, the other insurers must participate in mediation in order to have individuals present with full settlement authority.

*Turner*, however, involved the situation in which a representative of a party appeared at mediation.[4] *Turner* stands for the proposition that if a party appears at mediation through a representative with settlement authority, such as an insurer, that representative must have *full* settlement authority—the practical ability to meet the plaintiff's demand.[5] *Turner* does not stand for the proposition that nonparty insurers are required to attend mediation.

---

[2] 205 F.R.D. 592 (D. Kan. 2002).

[3] *Id.* at 595.

[4] *Turner*, 205 F.R.D. at 593 (explaining that counsel and a claims handler for the insurer appeared at mediation on behalf of a business-entity defendant).

[5] *See also Inter-Ocean Seafood Trader, Inc. v. RF Int'l Ltd.*, No. 12-2268-KGG, 2013 WL 441065, at *1-*2 (D. Kan. Feb. 5, 2013) (applying *Turner* when counsel for a defendant business entity appeared at mediation as a representative of the party with authority to settle up to a certain amount).

In this case, defendant plans to personally appear at the mediation, which satisfies the local rules' requirement. Subsection (c)(3) separately addresses notice to interested nonparties, such as insurers. It requires that attorneys must provide written notice of the mediation to all interested nonparties, including primary and excess liability carriers.[6] Defendant has provided the insurers with this notice, which also complies with the rule.

Moreover, the insurers that have declined to participate in mediation have maintained that they have no coverage for plaintiffs' claims.[7] Even assuming the court had the authority to require nonparty insurers to appear for mediation, their presence would not appear to serve any practical purpose if their position is that coverage does not exist for plaintiffs' claims. For these reasons, the court denies plaintiffs' motion to compel nonparty insurers to attend mediation.[8]

Accordingly,

**IT IS THEREFORE ORDERED** that upon Plaintiffs' Motion to Compel Attendance of Persons with Settlement Authority to Attend Mediation are denied.

**IT IS SO ORDERED.**

Dated this 29th day of August, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge

---

[6] D. Kan. Rule 16.3(c)(3).

[7] *See Booth v. Davis*, 10-4010-RDR, Def.'s Resp. to Pls.' Mot. to Compel Attendance of Persons with Settlement Authority to Attend Mediation at 2, ECF No. 227 (Sealed).

[8] The court reminds the parties that D. Kan. Rule 16.3(i) requires that statements made during mediation must be kept confidential. Absent consent of all parties and the mediator, nonparty insurers not participating in mediation are not entitled to know "the contents of written mediation statements, anything that happened or was said, any position taken, and any view of the merits of the case formed by any participant in connection with any mediation."